[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal under the provisions of General Statutes § 23-59 from the decision of the tree warden of the City of Norwich ordering the removal of an elm tree situated in front of 35 Lincoln Avenue in the City of Norwich. For reasons hereinafter stated, the decision of the tree warden is affirmed.
Section 23-59 limits appeals to persons aggrieved by the decision appealed from. The evidence indicates that plaintiff Richard S. Guggenheim resides at 31 Lincoln Avenue and has resided at such address in close proximity to the tree in question for 22 years. He receives visual and other benefits from living in close proximity to the tree. The record confirms that it was Mr. Guggenheim who requested the hearing required by the statute and that he participated in such hearing. From such evidence, it is concluded that plaintiff is aggrieved and has standing to prosecute this appeal. New England RehabilitationHospital of Hartford, Inc. v. CHHC, 226 Conn. 105, 120-121
(1993). CT Page 7229
At the time of trial plaintiff filed a motion under General Statutes § 4-183 (h) for the admission of additional evidence. This motion was denied for reasons stated on the record. Section 4-183 (h) is found in General Statutes Chapter 54, Uniform Administrative Procedure Act. There is nothing to indicate that the tree warden is an "agency" as defined by §4-166 or that the act is applicable to appeals under § 23-59. Certainly the time within which appeals to the Superior Court may be taken under § 4-183 differs from that provided in §23-59. Nevertheless, the provisions of 4-183 are appropriate as a guide to determining the administrative appeal.
Before removal of a tree, § 23-59 requires the tree warden to post certain notices upon the tree and to hold a public hearing if there is objection to removal of the tree. The statute also requires the tree warden to render a decision and allows ten days after such decision for an appeal to court. Evidence that the parties complied with these requirements is scant. Since neither party has raised these issues, it will be assumed that the court has jurisdiction.
The record indicates that defendant is the tree warden for the City of Norwich with authority to remove trees within the limits of public highways when in his opinion public safety demands such removal. Defendant determined that a large elm tree within the limits of the highway at 35 Lincoln Avenue required removal to protect the public safety.
At the request of the plaintiff a public hearing was held concerning the removal of the tree. After such hearing defendant again decided that the tree should be removed.
Defendant personally examined the tree and noted the weakened structural condition of the tree. He caused the tree to be inspected by two independent arborists and a representative of the Department of Public Utilities. All of these parties noted the weakened structure of the tree and hazard which it presented to the public.
Although plaintiff introduced evidence against the necessity of removal of the tree, it was not binding on the tree warden.
In an appeal such as this, the court cannot substitute its judgment for that of the tree warden, who has been vested by statute with authority to remove this tree, unless there has been CT Page 7230 an abuse of the warden's authority.
It has not been established that the tree warden failed to follow the statutory procedures required or that his decision to remove the tree was clearly erroneous. There was substantial evidence in the record to support his decision.
Under such circumstances it cannot be found that substantial rights of plaintiff have been prejudiced.
Accordingly, judgment is rendered affirming the action of the tree warden.
Joseph J. Purtill Judge Trial Referee